# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

Reissued for Public Availability Date: October 16, 2025

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JOSHUA BROOKS, | * |
| *on behalf of his minor child, A.B.,* | *   No. 23-1169V |
| | * |
| Petitioner, | * |
| | *   Special Master Christian J. Moran |
| v. | * |
| | *   Filed: September 24, 2025 |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

Joshua Brooks, *pro se*, Atlanta, GA, for petitioner;
Nina Ren, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1][2]

Mr. Joshua Brooks sought compensation through the Vaccine Program, on behalf of his minor child, A.B. 42 U.S.C. § 300aa-10 through 34. However, Mr. Brooks has not presented sufficient evidence to be entitled to compensation. Because Mr. Brooks has not met his burden of proof, his case is DISMISSED.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

[2] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on September 24, 2025, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the Court's website.

I.   **Procedural History**

On July 27, 2023, Mr. Brooks filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et seq., alleging that his minor child, A.B., developed seizures from a diphtheria-tetanus-acellular pertussis ("DTaP") vaccine she received on February 16, 2021.  See Petition.  Mr. Brooks filed medical records, as required by 42 U.S.C. § 300aa-11(c), and submitted a statement of completion on November 13, 2023.

The Secretary filed his Rule 4(c) Report on May 1, 2024.  The Secretary argued that Mr. Brooks was not entitled to compensation because he has not provided medical theory causally connecting the DTaP vaccine and A.B.'s alleged injuries.  Res't's Rep. at 15.  The Secretary noted that the medical records also do not contain a medical theory causally connecting A.B.'s DTaP vaccine and injuries.  Id. at 15-16.  Further, the Secretary argued that Mr. Brooks had not provided an expert report nor established a medically appropriate temporal relationship between the DTaP vaccination and the onset of A.B.'s alleged injuries.  The Secretary emphasized that "as Dr. Ness concluded, A.B.'s genetic evaluation showed that her injuries are 'likely explained by [her] NPRL2 mutation.'"  Id. at 16 (citing Exhibit 5 at 21-22).

Following the submission of the Secretary's report, Mr. Brooks was directed to submit his expert reports by July 31, 2024.  Order, issued June 3, 2024.  After Mr. Brooks missed this deadline, he was ordered to file an expert report by September 20, 2024.  Order, issued Aug. 8, 2024.  On September 9, 2024, Mr. Brooks filed a status report and stated that "To date Petitioner has requested the expert report to be completed and filed[] but has not had the necessary cooperation from the parties identified for completion of the report.  Petitioner has made numerous attempts to comply with the order but to no avail."  Pet'r's Status Rep., filed Sep. 9, 2024.

Mr. Brooks's status report was construed as a motion for an extension of time to submit an expert report, and Mr. Brooks's deadline was extended until October 31, 2024 to submit an expert report.  Mr. Brooks submitted a status report and stated he "has requested via email, phone and web portal for [A.B.'s] expert report to be completed[] but has yet to receive requested documents from Children's of Alabama.  Petitioner requests intervention from the court in expediting this request with the appropriate medical professional."  Pet'r's Status Rep., filed Oct. 28, 2025.

A status conference was held on December 9, 2024.  Mr. Brooks discussed obstacles in his ability to retain an expert witness for this matter.  The parties discussed several options with Mr. Brooks regarding potential sources for expert witnesses.  The parties also discussed retaining an attorney, if Mr. Brooks so chose to do.  Mr. Brooks was afforded additional time to retain an expert and submit a report by February 10, 2025.  Order, issued Dec. 9, 2024.

Mr. Brooks requested another extension of time.  Pet'r's Mot., filed Jan. 22, 2025.  Mr. Brooks's motion was granted, and his deadline to submit an expert report was extended to April 14, 2025.  Order, issued Jan 23, 2025.  After Mr. Brooks missed this deadline again, he was

2

ordered to submit his expert report by May 30, 2025.  Order, issued May 1, 2025.  Mr. Brooks also missed this deadline.  Mr. Brooks's deadline to submit his expert report was extended until June 24, 2025.  Mr. Brooks was warned that he was expected to meet this deadline or an order to show cause would issue.  Order, issued June 10, 2025.

On June 17, 2025, Mr. Brooks moved to proceed with a determination in this matter without submitting an expert report.  Mr. Brooks stated that he was "unable to obtain an expert report and unable to obtain legal [counsel]. . . . Due to the lack of legal representation after multiple rejections and many failed attempts it is my belief that there is no further evidence to be supplied and respectfully request the court to proceed with a determination on this case."  Pet'r's Mot., filed June 17, 2025.

## II.     Analysis

To receive compensation under the National Childhood Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that he suffered a "Table Injury"— i.e., an injury falling within the Vaccine Injury Table— corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine.  See 42 U.S.C. § 300aa–13(a)(1)(A) and § 300aa–11(c)(1).  An examination of the record did not uncover any evidence that A.B. suffered a "Table Injury."  Thus, Mr. Brooks is necessarily pursuing a causation-in-fact claim.  As part of a causation-in-fact claim, a petitioner must "show by preponderant evidence that the vaccination brought about [the] injury by providing: (1) a medical theory causally connecting the vaccination and injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  42 U.S.C. § 300aa–13(a)(1).  In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support.

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute their cases, the Court may dismiss their case.  Padmanabhan v. Sec'y of Health & Human Servs., 638 Fed. App'x 1013 (Fed. Cir. 2016); Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Here, Mr. Brooks was ordered on several occasions to file expert reports to support his claim but failed to do so.  He explicitly stated that "there is no further evidence to be supplied" in this case and requested to proceed with a decision in this matter.  Without an expert report, Mr.

Brooks cannot support his off-Table claim and cannot meet his burden to be entitled to compensation.  See Byrd v. Sec'y of Health & Hum. Servs., No. 17-900V, 2018 WL 6918820, at *2 (Spec. Mstr. Fed. Cl. Nov. 29, 2018) ("Failure to follow Court orders, as well as failure to file . . . an expert medical opinion, can result in dismissal of a petitioner's claims."), mot. for rev. denied, 142 Fed. Cl. 79 (2019), aff'd in non-precedential opinion, 778 F. App'x 924 (Fed. Cir. 2019).  Consequently, Mr. Brooks's case is dismissed for failure to present evidence, not as a sanction.  See Duncan v. Sec'y of Health & Hum. Servs., 153 Fed. Cl. 642 (2021) (denying motion for review of a decision for failure to present persuasive evidence).

**Accordingly, this case is dismissed for insufficient evidence.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master